**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4294**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LEROY EDWARD BROWN, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. N. Carlton Tilley, Jr., District Judge. (1:06-cr-00188-NCT)

Submitted: April 24, 2008        Decided: April 28, 2008

Before KING and SHEDD, Circuit Judges, and WILKINS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Milton B. Shoaf, Salisbury, North Carolina, for Appellant. Paul Alexander Weinman, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leroy Edward Brown, Jr., pled guilty to conspiracy to possess and utter counterfeited and forged American Express Gift Cheques, in violation of 18 U.S.C. § 371 (2000). He was sentenced to a term of twenty-one months imprisonment and three years of supervised release, and ordered to make restitution in the amount of $2800. Brown's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), arguing that the twenty-one-month within-guideline sentence was unreasonable, but stating that, in his view, there are no meritorious issues for appeal. Brown was informed of his right to file a pro se supplemental brief, but he has not done so. We affirm the conviction and sentence.

On appeal, counsel suggests that the district court plainly erred by not stating that it had considered the sentencing factors set out in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007) before pronouncing sentence. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007); see also United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). We must first ensure that the district court committed no procedural error and then consider the substantive reasonableness of the sentence. Gall, 128 S. Ct. at 597.

The sentencing record discloses no procedural error. Although the court did not mention § 3553(a), it considered and

discussed several § 3553(a) factors as it explained its decision to sentence Brown at the high end of the guideline range.  Brown has not rebutted on appeal the presumption of reasonableness afforded his within-guidelines sentence.  <u>See</u> <u>United States v. Allen</u>, 491 F.3d 178, 193 (4th Cir. 2007) ("A sentence within the proper Sentencing Guidelines range is presumptively reasonable."); <u>see also</u> <u>Rita v. United States</u>, 127 S. Ct. 2456, 2462 (2007) (upholding presumption of reasonableness of within-guidelines sentence).

Pursuant to <u>Anders</u>, we have examined the entire record and find no meritorious issues for appeal.  Accordingly, we affirm the conviction and sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that such a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>